(No. 5549. February 2, 1931.)

FIVE POINT GARAGE, a Corporation, Appellant, v. DOWD PURDUM and JERRY PURDUM, Copartners, as PURDUM & PURDUM, Respondents.

[295 Pac. 1000.]

S. T. Hamilton and Turner K. Hackman, for Appellant.

Ross B. Haddock, for Respondents.

McNAUGHTON, J.—The suit is upon two causes of action. The first count is upon demand note for $700; the second for $324.41, claimed as balance due for labor and repairs on trucks.

The defendants purchased on contract two trucks from the plaintiff. The truck first purchased was a small one and one-half ton truck. The second truck purchased was of

two-ton capacity. The note sued on was part of the down payment on the large truck. The garage bill sued upon was for labor and repairs principally on the large truck.

The answer set up breach of warranty as defense to the note. It denied the garage bill and also set up payment by settlement of the note and account.

The appeal is from a judgment upon a verdict in favor of defendants, and also from an order denying a motion for a new trial.

The evidence of defendants discloses a great deal of difficulty with the larger truck, and it is claimed the plaintiff offered to do the work and furnish the repairs upon this larger truck free in a promise to make it good.

It is shown the defendants did not pay out on either of the contracts, but it was claimed by defendants that they directed that certain payments made be credited on the smaller truck and that had this been done, it would have been nearly paid for at the time of the alleged settlement.

The direct and controlling dispute in the case is concerning the alleged settlement.

While the trucks were purchased from the plaintiff, it was known to defendants that the contracts were to be and were immediately indorsed and assigned to the Western States Securities Corporation of Salt Lake City, and that subsequent payments would be due that company. The plaintiff, however, subsequently accompanied a representative of the finance company to visit defendant, at which time discussion was had with defendant regarding replacement of the motor and other matters pertaining to the large truck, and it is claimed it was promised by the representative of the finance company that the motor would be replaced. This was not done.

Regarding the alleged discharge of the note and repair bills, the testimony in part is as follows:

"Q. When you bought those trucks, with whom did you make the contract?

"A. Mr. DeVisser. . . . ₂

"Q. Now, Mr. Purdum, on this last occasion, this last conversation you had with Mr. DeVisser with reference to the payments due on the truck, when he said he would have to have five hundred dollars—what was it he said?

"A. He said he would have to have five hundred dollars or they would take the truck away from me.

"Q. And what did you reply to that statement?

"A. I replied to him that in order to get the deal settled up I would give him the two trucks and call it square.

"Q. And what did you mean by 'call it square'? What did you mean by that?

"A. I meant that my bills would all be cancelled and everything paid. . . . .

"Q. And I understood you to say that he said, in reply to that, that he would send a man down after the truck in a few days?

"A. Yes, sir."

It appears from the testimony that at the time of the foregoing conversation the large truck was already at the Five Point Garage, and that a week or ten days after this conversation the smaller truck was taken to the plaintiff garage.

This conversation was completely and flatly contradicted by the plaintiff. Upon this issue the court instructed the jury as follows:

"You are instructed that, if you find from the evidence the defendants surrendered to plaintiff two trucks after the date of the execution and delivery of the promissory note described in plaintiff's complaint, and after the date of the last item for materials and labor furnished by plaintiff to defendants, and that plaintiff took possession of said trucks, with the understanding and agreement between plaintiff and defendants that such surrender of said trucks by defendants and such taking over thereof by plaintiff should constitute a satisfaction and payment of all indebtedness then owing by defendants to plaintiff, then and in that case you are to find for the defendants."

We think the pleadings and the evidence tendered an issue of fact as to settlement. The issue was for the jury. The court's instruction correctly states the law applicable.

While it is true the contract was assigned by the garage to the finance company, nevertheless plaintiff was liable as indorser, all of which is shown to have been within the knowledge of defendants. In the absence of a showing that the finance company declared a forfeiture, the plaintiff, being liable as indorser upon these contracts, the turning back to it of the two trucks affords consideration sufficient to support a promise to cancel the contracts and the note and garage bill, if that was the agreement. This issue being for the jury, and there being no error of law in the record, we have no grounds for interference. Judgment is affirmed, with costs to respondents.

Lee, C. J., Givens and Varian, JJ., and Adair, D. J., concur.